UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GIUSEPPE BADALAMENTI, on behalf of himself :
and all others similarly situated, : **COMPLAINT**
 :
                               Plaintiff, : **Case No.**
      -against- :
 : **FLSA COLLECTIVE**
MECC CONTRACTING INC., LUIGI MOCCIA, : **ACTION & RULE 23**
and JOSEPH MECCARIELLO, : **CLASS ACTION**
 :
                             Defendants. : **JURY TRIAL**
 : **DEMANDED**
------------------------------------------------------------X

      Plaintiff GIUSEPPE BADALAMENTI, on behalf of himself and all others similarly situated, by and through his attorneys, Harrison, Harrison & Assoc., Ltd, alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

      1.    Plaintiff GIUSEPPE BADALAMENTI (referred to herein as "Plaintiff") was employed as a full-time non-exempt employee of MECC CONTRACTING INC., LUIGI MOCCIA, and JOSEPH MECCARIELLO (collectively referred to herein as "Defendants"), subject to the wage and overtime provisions of the Fair Labor Standards Act of 1938 (hereinafter referred to as "FLSA"), as amended, 29 U.S.C. § 201 *et. seq.* and the New York Labor Law (hereinafter referred to as "NYLL").

      2.    Plaintiff brings this action on behalf of himself and all others similarly situated seeking unpaid wages and unpaid overtime wages based upon Defendants' violations of the FLSA, the NYLL, and the supporting New York State Department of Labor regulations.

1

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over this controversy is based upon 29 U.S.C. § 201 *et. seq.,* and 28 U.S.C § § 1331.

4. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendants maintain their principal places of business in, do business in, and accordingly reside in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

6. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. 1391.

## THE PARTIES

7. Plaintiff is a resident of Richmond County, State of New York.

8. At all times relevant to the complaint, Plaintiff was an "employee" OF Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

9. Plaintiff was employed by Defendants from in or about October, 2020 until on or about April 26, 2024.

10. Plaintiff's written consent to sue is attached hereto as Exhibit "A".

11. Defendant MECC CONTRACTING INC. ("MECC") is a New York Corporation with its principal place of business located at 21 AUTUMN Avenue in Brooklyn, New York.

12. Defendant LUIGI MOCCIA ("Moccia") is an owner of Defendant MECC.

13. Defendant Moccia is the President and Chief Executive Officer of Defendant MECC.

14. Defendant Moccia has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff and the other FLSA Collective Plaintiffs, and the Class Members.

15. Defendant JOSEPH MECCARIELLO ("Meccariello") is an owner of Defendant MECC.

16. Defendant Meccariello has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff and the other FLSA Collective Plaintiffs, and the Class Members.

17. Defendants Moccia and Meccariello are both actively involved in the operations of Defendant MECC, and had the authority to set the company's payroll policies, including the unlawful practices complained of herein.

17. At all times relevant hereto, each of the Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C .§ 203(d) and NYLL § 190(3).

18. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of Section 3 (r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

19. At all times relevant hereto, Defendants employed employees, including Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, who regularly engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for

commerce within the meaning of Section 3(b), (g), (i), and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s) (A)(i).

20. At all times relevant hereto, Defendants' annual gross volume of sales made or business done is not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTUAL ALLEGATIONS

21. Defendants operate a construction company, based in Brooklyn, New York.

22. Defendants' area of expertise includes, *inter alia*, servicing the utilities industries[1], and specifically Con Edison, which provides electric, gas, and steam all over New York City.

23. Defendants perform construction work, including digging, patching and repairing, to support Con Edison's gas and electric lines in the streets of New York City.

24. Defendants utilize numerous four to five person teams – each team with a truck - that they assign daily to work with/for Con Edison at various construction sites in Brooklyn or Queens, or other sites in New York City.

25. Plaintiff began working for Defendants in or about October 2020.

26. Initially Plaintiff's position was called, by Defendants, including on their timesheets, a "Chauffer" but then, two to three years ago, Defendants changed Plaintiff's job title to "Laborer".

---

[1] *See* mecccontracting.com (accessed 7/22/2024) where Defendants claim that they have been "Serving the Utility industry for 30 years".

4

22. Defendants employed other persons to work for them as Chauffer's and/or Laborers, or other similar non-exempt employees who performed construction related duties as part of their four to five person teams – with a truck - that they assigned to work with/for Con Edison. These non-exempt employees of Defendants are hereinafter referred to as the FLSA Collective Plaintiffs and the Class Members and includes Plaintiff.

23. Defendants generally scheduled their Chauffer's, Laborers, and the FLSA Collective Plaintiffs and the Class Members, to work between three (3) to six (6) shifts per week, with each shift scheduled for 8 hours per day.

24. At all times relevant hereto, Plaintiff and the FLSA Collective Plaintiffs and the Class Members were assigned to perform manual labor for Defendants at various construction sites in New York City.

25. In addition to their work as Laborers, Plaintiff, as well as many other Chauffer's and Laborers, were assigned to drive Defendants' box truck (assigned to their team) <u>from</u> Defendants' yard, located at 21 AUTUMN Avenue in Brooklyn (the "Yard"), <u>to</u> various construction sites in Brooklyn and Queens <u>prior to the start of their assigned shifts</u>, which normally started at 7:00 AM.

26. Thus, prior to driving their trucks to the various construction sites – and arriving with their trucks and their equipment and materials at the construction site by 7:00 AM for the start of work - Plaintiff, as well as many other Chauffer's and Laborers, had to go to Defendants' Yard, and perform various types of work, including but not limited to cleaning and loading their assigned trucks, gassing up diesel for the compressors, and/or gassing up the trucks themselves, *before* they had to drive their trucks to their assigned construction sites.

27. Thereafter, Plaintiff, as well as other Chauffer's and Laborers who were assigned to drive Defendants' trucks, drove Defendants trucks to their assigned job sites.

28. Defendants only paid Plaintiff, as well as other Chauffer's and Laborers, for their assigned work shifts, from 7:00 AM to 3:30 PM, and never paid them for the work they performed prior to 7:00 AM, which was normally about one (1) hour per day.

29. Similarly, Plaintiff, as well as other Chauffer's and Laborers who were assigned to drive Defendants' trucks, had to perform work <u>after</u> the end of their assigned shifts, driving their assigned trucks back to, and parking them at, Defendants' Yard.

30. Defendants had a policy that required Plaintiff, as well as other Chauffer's and Laborers who were assigned to drive Defendants' trucks, to drive Defendants' trucks back to Defendants Yard after the end of their assigned shifts.

31. Plaintiff, as well as other Chauffer's and Laborers who were assigned to drive Defendants' trucks, were never paid for the post-shift work that they did, which was normally about one (1) hour to two (2) hours per day (at times Plaintiff only returned at 5:30 PM, two hours after the end of his assigned shift, due to traffic and other delays in returning to Defendants' yard, located at 21 AUTUMN Avenue in Brooklyn).

32. At all times relevant hereto, Defendants employed Plaintiff, the FLSA Collective Plaintiffs, and the Class Members as Laborers or similar non-exempt employees.

33. In addition, Defendants maintained a policy where all of the Laborers and other persons assigned to work construction, had to report to Defendants' Yard each Wednesday morning at 6:00 AM, for a thirty (30) minute weekly safety meeting with Con Edison to review safety rules and requirements.

6

34. Despite starting their work at 6:00 AM on Wednesdays, Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, were only paid from their regular shift start time of 7:00 AM.

35. Defendants' management only recorded - for time keeping purposes - the time when Plaintiff, the FLSA Collective Plaintiffs, and the Class Members arrived on their assigned job sites for the start of their assigned shifts, which was 7:00 AM.

36. Similarly, Defendants' management only recorded - for time keeping purposes - the time when Plaintiff, the FLSA Collective Plaintiffs, and the Class Members would leave their job sites, which was 3:30 PM.

37. Defendants did <u>not</u> record - for time keeping purposes - or pay Plaintiff, the FLSA Collective Plaintiffs, and the Class Members for, the time they spent working <u>prior</u> to, and after, their assigned shifts, including for time they spent preparing and loading Defendants' trucks with equipment and supplies, or for the time spent driving Defendants' trucks to <u>or</u> from the job sites, <u>or</u> for the weekly safety meetings.

38. Defendants paid Plaintiff, the FLSA Collective Plaintiffs, and the Class Members an hourly rate of pay – Plaintiff was paid between $42 to $44 per hour.

39. Defendants paid Plaintiff, the FLSA Collective Plaintiffs, and the Class Members for some – but not all - of the hours they worked.

40. Defendants paid Plaintiff, the FLSA Collective Plaintiffs, and the Class Members only from the time they arrived on their assigned job site to the time they left it.

41. Plaintiff, the FLSA Collective Plaintiffs, and the Class Members often worked well beyond their scheduled 8-hour shifts. They were not compensated for all of their off-the-clock time that they worked before and/or after the end of their 8-hour shifts.

42. Defendants did not properly compensate Plaintiff and the Class Members at their promised rates of pay as required by law for <u>all</u> hours they worked for Defendants.

43. Defendants did not properly compensate Plaintiff, the FLSA Collective Plaintiffs, and the Class Members at the lawful overtime rate of one and one-half times their regular hourly rate of pay as required by law for <u>all</u> hours worked in excess of forty (40) hours per week.

44. Defendants failed to pay Plaintiff, the FLSA Collective Plaintiffs, and the Class Members the required overtime premiums of one and one half times their regular hourly rates of pay for <u>all</u> of the hours they worked in excess of 40 hours per week.

45. Defendants failed to keep accurate and sufficient time records as required by Federal and New York State laws.

46. Upon information and belief, Defendants violated NYLL § 195(3) by failing to furnish the Plaintiff and the Class Members with an accurate statement with every payment of wages, listing, among other things, the <u>actual</u> number of hours they worked.

47. Upon information and belief, Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each employee.

48. As a result of Defendants' failure to record, credit, and/or compensate Plaintiff and the Collective Action Members for the full amount of the hours they worked for Defendants, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and

practices of employment in violation, of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

49. Defendants' record keeping and notice violations prevented Plaintiff, the FLSA Collective Plaintiffs, and Class Members from knowing their legal rights and from figuring out exactly how many hours they were not compensated for.

50. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendants were not paid for all of the hours they worked and overtime premiums for all hours worked in excess of 40 hours in a week.

51. Defendants knew that the nonpayment of wages and overtime premiums would economically injure Plaintiff, the FLSA Collective Plaintiffs, and the Class Members, and that they violated the FLSA and the NYLL.

52. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff brings the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants at any time as a Laborer or similar non-exempt employee, during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

54. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan,

practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for <u>all</u> hours worked in excess of forty (40) hours per workweek. The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

55. Other Laborers and similar non-exempt employees currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other Laborers and similar non-exempt employees to receive notice of the action and allow them to opt in to such an action if they so choose.

56. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

57. Plaintiff brings the Second and Third Claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, and other damages on behalf of all individuals employed in the State of New York by Defendants as Laborers and/or similar non-exempt employees, at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class Members" and/or the "Class".

58. The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records. Notice can be provided by means permissible under FRCP Rule 23.

59. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiff and is presently within the sole control of Defendants, Plaintiff believes that through discovery they will obtain evidence to establish that there are well over forty members of the Class.

60. Plaintiff's claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that they were not compensated for (i) all hours worked, and (ii) all overtime hours worked, as required by the NYLL and 12 NYCRR § 142-2.2, and because Defendants failed to provide them with accurate notices as required by NYLL §195(3). Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

61. As fellow employees of Defendants, which failed to adequately compensate Plaintiff and the members of the Class as required by law, Plaintiff and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

62. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained competent and experienced employment litigators to represent him and the Class on this case.

63. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide

proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

64. Upon information and belief, employees of Defendants in these types of actions are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

65. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendants required Class Members to work uncompensated overtime and failed to adequately compensate the Class Members for <u>all</u> hours worked as required by the NYLL and 12 NYCRR § 142-2.2, and (b) whether Defendants provided Class Members with the notices required by NYLL § 195(3).

66. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## **FIRST CLAIM FOR RELIEF**

**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

67. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

68. Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

69. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

70. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Wages & Overtime Wages – NYLL, Brought by Plaintiff on Behalf of Himself and the Class Members)

71. Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

72. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying wages for all hours worked and overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

73. Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members at their promised rate of pay for all hours worked.

74. Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members at the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

14

75. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

76. Plaintiff, on behalf of himself and the Class Members, seek damages in the amount of their respective unpaid wages, unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

### (Notice Violations & Record Keeping & Wage Statement Violations – NYLL §195, Brought by Plaintiff on Behalf of Himself and the Class Members)

77. Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

78. Defendants have willfully failed to supply Plaintiff and each Class Member with an <u>accurate</u> statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; <u>the number of hours worked, including overtime hours worked</u> if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

79. Defendants never provided Plaintiff and the members of the Class with an <u>accurate</u> statement of the number of hours that they worked each week.

80. Defendants violated NYLL § 195(3) and consequently owe Plaintiff and the members of the Class statutory damages as specified by NYLL § 198.

15

81. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover statutory damages as provided for by NYLL § 198(1), as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as a class action;

(c) Designation of the Named Plaintiff as the Representative of the FLSA Collective Plaintiffs and Class Representative of the Class;

(d) An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g) Pre-Judgment and post-judgment interest, as provided by law; and

(h) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **JURY DEMAND**

Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and the Class Members, demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: July 31, 2024               Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

*David Harrison*
_____
David Harrison (DH 3413)
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
(718) 799-9111 Phone
dharrison@nynjemploymentlaw.com
*Attorney for Plaintiff, Proposed Collective Action Plaintiffs and Proposed Class Members*

# Exhibit "A"

Soy una empleada actual o anterior de MECC Contracting Inc. y entidades o individuos relacionados. Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

7/12/2024

Firmado este _____ dia de _____.

DocuSigned by:
[signature]
218FFB1FB5C5468...

_____
Firma

Giuseppe Badalamenti

_____
Nombre legal completo (deletreado)